IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUDREY BORRERO,

        Plaintiff,               No. CIV S-10-322 KJM

    vs.

THE TRAVELERS INDEMNITY CO.,

        Defendant.        <u>ORDER</u>

_____/

        Defendant's motion to compel arbitration came on regularly for hearing August 25, 2010.  Stephen Morris appeared telephonically for plaintiff.  Michelle Heverly appeared for defendant.  Upon review of the documents in support and opposition, upon review of the parties' authorized supplemental briefing[1] and the authorities cited therein, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff, a Claims Adjuster who was employed by defendant at the time of the events giving rise to the instant litigation, alleges state law claims predicated on the alleged failure to pay overtime, to pay meal and rest period, to timely pay compensation upon

---

[1] Plaintiff's objection (docket no. 40) is sustained.  Defendant's letter to the court (docket no. 39) is disregarded.

severance of employment, to provide itemized employee wage statements and for engaging in unfair competition.  Plaintiff seeks to bring this action as a class action.

Defendant moves to compel arbitration based on plaintiff's receipt and acknowledgment, at the commencement of her employment with Travelers, of an Employment Arbitration Policy providing that all compensation and employment related disputes will be arbitrated.  See Decl. Of Cecil Murphy (Murphy Decl.), Exs. A-D.  Plaintiff challenges the formation of any agreement that arbitration of employment-related disputes would be mandatory, saying she never intended as much, and rather understood that arbitration was available if she chose to invoke it.  Decl. Of Audrey Borrero (Borrero Decl.) ¶¶ 4-6.[2]  Plaintiff's declaration reflects a selective and untenable reading of the documents she acknowledges receiving.  See, e.g., Wagner v. Columbia Pictures Industries, Inc., 146 Cal. App. 4th 586, 592 (2007) (rejecting evidence that contradicted, rather than explained, a written agreement by stating "[t]he problem with [the plaintiff's] extrinsic evidence is that it does not explain the contract language, it contradicts it.").  While her briefing focuses on the fact that she did not sign or initial the Arbitration Policy itself, contained in a freestanding document, the Policy was clearly referenced on the face of the forms plaintiff did sign upon applying for and accepting employment.  Plaintiff provides no controlling authority for the proposition that under these circumstances a separate signature is required to confirm an agreement.[3]  The Arbitration Policy also is referenced in the

---

[2]  Defendant's objection to plaintiff's characterization of the Authorization and Acknowledgment she received at the time she was hired is sustained, as are defendant's other objections to plaintiffs' declarations.  See Docket No. 31.

[3]  Plaintiff has submitted a California appellate court case upholding a denial of a petition to compel arbitration, in which the factual background describes the binding arbitration clause in a retail installment sales contract for the sale of car as appearing in a box on the back of the agreement and notes the page on which the box appeared was "neither signed nor initialed." Fisher v. DCH Temecula Imports LLC, 187 Cal. App. 4th 601, 607 (4th Dist. 2010).  The Fisher decision, of course, is not binding on this court. It also is distinguishable from this one in a number of ways, including that the plaintiff in Fisher grounded claims in her complaint on the California Legal Remedies Act, Cal. Civil Code 1750 et seq., and also apparently included an allegation of fraudulent business practices.  Fisher, 187 Cal. App. 4th at 606.

Principles of Employment Agreement plaintiff reviewed and to which she recertified her continuing agreement in March 2009.  Decl. Of Peter Bernstein ¶ 10 & Ex. E; Murphy Decl., Ex. E.  By the plain language of the Arbitration Policy, it is apparent that plaintiff's claims made here are subject to the terms of the Policy.

Plaintiff also contends, however, that the Arbitration Policy is unenforceable because it contains a class action waiver.  See Murphy Decl., Ex. A at 1 ("However, there will be no right or authority for any dispute to be brought, heard or arbitrated under this Policy as a class or collective action, private attorney general, or in a representative capacity on behalf of any person.").  Defendant argues that the question is controlled by the Federal Arbitration Act (FAA), as the choice of law identified in the Policy itself."  Id. ("Arbitration proceedings pursuant to this Policy shall comply with and be governed by the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq.").[4]  The "primary purpose" of the FAA "is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" Stolt-Nielsen S.A. v. AnimalFeeds International Corp., __ U.S. __, 130 S. Ct. 1758, 1773 (2010) (citations omitted).  As a corollary, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."  Id. at 1775.  Here, the controlling agreement not only did not omit reference to class arbitration; the language of the Arbitration Policy expressly excludes class arbitration.  While the exclusion comes at the end of a paragraph and is not in bold type, it appears on the first page of the Policy and is not presented differently than other equivalent provisions.  The court cannot conclude that plaintiff did not agree to the term.  Wagner, 146 Cal. App. 4th at 592.

Even if California state law applies, as plaintiff argues, there is nothing per se unconscionable, procedurally or substantively, about a class action waiver in a case including

---

[4]  While the Principles of Employment Agreement incorporates Minnesota as a choice of law, that provision is limited to injunctive relief or specific performance actions to enforce the intellectual property and confidentiality provisions of that Agreement.  Murphy Decl., Ex. E at 1 ¶ 3.

1   overtime violation claims.  Gentry v. Superior Court, 42 Cal. 4th 443, 462 (2007).  In Gentry, the

2   California Supreme Court confirmed minimum requirements applicable to agreements requiring

3   arbitration of unwaivable statutory rights including the rights provided by California Labor Code

4   section 1194, one of the statutes plaintiff relies on in this case.  Those minimum requirements

5   govern damages limits, discovery rights, issuance of a written arbitration decision with judicial

6   review and the employer's payment of costs "unique to arbitration," id. at 456-57, and are met

7   here.  Murphy Decl., Ex. A at 5-8.

8           The court in Gentry also found that a court facing the question of whether a class

9   action waiver in an arbitration agreement should be enforced should consider the following

10  factors: whether the size of the potential individual recovery is so modest as to disincentivize

11  individual arbitration; whether the potential for retaliation against potential class members is

12  great enough to weigh in favor of allowing employees to band together in one action; whether

13  absent members of the potential class may be uninformed of their rights so as to justify class

14  certification as a means of providing information to all those potentially affected; and whether

15  "other real world obstacles to the vindication of class members' right to overtime pay" are

16  created as a result of requiring individual arbitration.  Gentry, 42 Cal. 4th at 463.  In discussing

17  the range of individual awards that qualify as "modest," the court referenced amounts ranging

18  from $400 on the low end to $37,000 on the high end.  Id. at 458; see also Discover Bank v.

19  Superior Court, 36 Cal. 4th 148, 162-163 (2005) (not all class action waivers unconscionable but

20  invalidating class action waiver in consumer contract of adhesion where amount of damages very

21  limited, in the range of $29).  Here, plaintiff seeks monetary damages with respect to four of her

22  five causes of action, only one for which the prayer for relief is limited to a maximum of $4,000.

23  See Compl. at 16-17.  Plaintiff has not objected to or otherwise challenged defendant's

24  calculation of her potential total individual recovery as exceeding $100,000.  See Defendant's

25  Reply (docket no. 29) at 11:12-12:13.  While plaintiff's employment context may have been

26  inherently discouraging with respect to employees' making overtime claims, see Borrero Decl.

4

¶ 7, plaintiff does not contest defendant's assertion that she has not been discouraged from filing other claims.  See Def.'s Request for Judicial Notice, Exs. F-H (charges of discrimination filed with the Equal Employment Opportunity Commission).[5]  There has been no showing that other members of the potential class face a legitimate threat of retaliation if they pursue their individual claims.  Gentry, 42 Cal. 4th at 463-66.  There also is no evidence before the court with respect to any number of other potential class members who may be ill-informed of their rights, of other "real world obstacles" blocking the path to enforcement of state overtime laws, or to indicate that other potential class members' similar claims cannot be successfully brought as individual actions.  On this record, the court finds that the class action waiver in the operative Employment Arbitration Policy is neither procedurally nor substantively unconscionable.

Plaintiff further contends that defendant has waived the right to arbitration because it did not previously make a demand for arbitration and did not raise this matter at the status conference.  This action was filed in state court on December 24, 2009 and removed to federal court on February 5, 2010.  The tenth affirmative defense of the answer pled in state court asserts plaintiff failed to exhaust arbitral procedures.  Although defendant did not raise arbitration at the May 12, 2010 status conference, the court ordered initial disclosures only after sixty days and discovery was not to commence until August 1, 2010.  The motion to compel arbitration was filed July 20, 2010.  Plaintiff demonstrates no prejudice in having thus far litigated this matter in court, if arbitration is now compelled.  Defendant has not waived the right to compel arbitration in accordance with the agreement to which plaintiff acceded.  Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990) (party opposing arbitration has burden of showing prejudice).

/////

/////

---

[5]  Defendant's request is granted as to these exhibits only.

1          In light of the foregoing, and good cause appearing, IT IS HEREBY ORDERED

2     that:

3          1.  Defendant's motion to compel arbitration (docket no. 19) is granted.

4          2.  This action is stayed.  The parties shall notify the court within fourteen days of

5     the completion of arbitration proceedings.

6          3.  The Clerk of Court is directed to administratively close this action pending

7     such notification.

8     DATED:  October 14, 2010.

_____

U.S. MAGISTRATE JUDGE

006 borrero.arb

6